IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

**EUGENE CLIFFORD,**

    **Petitioner**

v.

    Case No. 1:22-cv-141
    **District Judge Douglas R. Cole**
    **Magistrate Judge Kimberly A. Jolson**

**TIM SHOOP, Warden,**
**Chillicothe Correctional Institution,**

    **Respondent.**

## REPORT AND RECOMMENDATION

*Pro se* Petitioner Eugene Clifford has filed a habeas corpus petition under 28 U.S.C. § 2254 (Petition, ECF No. 3). The Respondent Warden has filed the State Court Record and Transcript (ECF No. 6), and a Return of Writ (ECF No. 7), and Petitioner has filed a Traverse (ECF No. 8). The case is before the undersigned pursuant to 28 U.S.C. § 636(b) and General Order 22-05 regarding assignments and references to Magistrate Judges. For the reasons set forth below, it is **RECOMMENDED** that the Petition be **DENIED** and **DISMISSED WITH PREJUDICE**.

**I.    Factual Background and Procedural History**

The underlying facts and procedural history are set forth in *State v. Clifford*, 1st Dist. Hamilton No. C-190586, 2020-Ohio-4129 (Aug. 19, 2020) ("*Clifford II*"):

> {¶1} Petitioner-appellant Eugene Clifford appeals the Hamilton County Common Pleas Court's judgment denying his R.C. 2953.21 petition for postconviction relief.
>
> {¶2} In 2017, Clifford was convicted upon jury verdicts finding him of guilty of trafficking in heroin, trafficking in cocaine, and having weapons while under a disability. The trial court sentenced him to prison terms totaling 14 years. He unsuccessfully challenged his convictions on direct appeal. *See State v. Clifford*, 1st Dist. Hamilton No. C-170279 (May 30, 2018), *delayed appeal denied*, 153 Ohio St.3d 1503, 2018-Ohio-4285, 109 N.E.3d 1259.
>
> {¶3} In this appeal, Clifford advances two assignments of error that may fairly be read together to challenge the denial of his postconviction petition without an

evidentiary hearing. For the following reasons, we affirm the trial court's judgment.

## The Evidence

{¶4} Clifford was charged with drug and weapons offenses based on evidence seized during a search. The search was conducted pursuant to a warrant issued after police surveillance of a house over a six-week period disclosed activities consistent with drug trafficking. Surveillance video showed Clifford, almost daily, locking and unlocking the house with keys, entering and exiting the house, and engaging with people who arrived at the house by car. The people met with Clifford in front of the house, walked with him to the side of the house, out of view of the surveillance camera, returned with him moments later, and left.

{¶5} On the day the search warrant was executed, the police observed Clifford alone unlock the front door and enter and exit the house multiple times. As the police approached the house, Clifford was standing on the porch with three other men, one of whom entered the house, but within seconds, returned to the porch. The police seized from Clifford's person keys to the house, $4500 in small bills, and a cell phone. From the house, the police seized a loaded revolver from inside a bay window near the front door and a loaded rifle hanging on a wall in the basement. From the kitchen pantry, the police seized multiple bags of heroin totaling 29 grams, two bags of cocaine totaling 41 grams, a scale bearing heroin residue, a scale and mixing bowl bearing cocaine residue, and a box of plastic sandwich bags.

{¶6} In the direct appeal, we overruled an assignment of error challenging the weight and sufficiency of the evidence supporting Clifford's drug and weapons convictions. Clifford, in his statement to police, had denied any involvement in selling drugs from the house. But his DNA was found on the knot on a bag of cocaine found in the kitchen pantry. Concerning the currency found on Clifford when the search warrant was executed, defense witnesses testified to paying him the rent due on his mother's rental properties and for repairs to their vehicles, while police testified that that amount of money in small denominations was consistent with drug trafficking. The evidence, we found, was sufficient to permit a reasonable inference that Clifford had possessed the heroin and cocaine, and that the drugs were being prepared for distribution. And we concluded that the jury had not lost its way in finding him guilty of those offenses.

{¶7} With respect to the weapons offense, Clifford stipulated to a prior drug-possession conviction that made it illegal for him to possess a firearm. Surveillance video showed only Clifford using keys to enter the house in which the revolver and rifle were found. When the search warrant was executed, he was found standing in close proximity to the loaded revolver. Clifford's friend Anthony Walker, who owned the house, testified that he had given Clifford keys to care for his house while he was in the hospital. Walker testified that the rifle found in the basement was his, and that he had left the rifle unloaded and inoperable. We determined that the state had produced sufficient circumstantial evidence to prove that Clifford had

>constructively possessed both firearms, and that the jury did not lose its way in finding him guilty of that offense.

*Clifford II*, 2020-Ohio-4129.

Petitioner raised three Assignments of Error in his direct appeal. First, Petitioner claimed that "the trial court committed structural error when it failed to administer an oath to the jury venire prior to the commencement of voir dire." *State v. Clifford*, 1st Dist. Hamilton No. C-170279, 2018 Ohio App. LEXIS 2263, at *1 (May 30, 2018) ("*Clifford I*"). Second, Petitioner "challenge[d] the weight and sufficiency of the evidence adduced to support his convictions." *Id*. at *2. Third, Petitioner "argue[d] the record does not support the sentence imposed by the trial court because it failed to make the findings necessary to impose consecutive sentences." *Id*. at *5–6. The First District Court of Appeals rejected all three assignments, *id*. at *2, 5, 6, and an untimely appeal was disallowed by the Supreme Court of Ohio on October 24, 2018. *State v. Clifford*, 153 Ohio St. 3d 1503, 2018-Ohio-4285.

>Petitioner, represented by counsel, filed a postconviction petition. He
>
>[S]ought relief from his convictions on the ground that he had been denied his right, secured by the Sixth Amendment to the United States Constitution, to the effective assistance of counsel, when his trial counsel failed to conduct a reasonable investigation, or to make a reasonable determination that an investigation was unnecessary with regard to several witnesses who Clifford claimed would have provided evidence in his defense.

*Clifford II*, 2020-Ohio-4129, at ¶ 8. "The only evidence outside the trial record offered in support of the petition was Clifford's own affidavit." *Id*. at ¶ 10. The trial court summarily denied the petition without hearing (State Court Record, ECF No. 6, PageID 186). The trial court subsequently issued findings of fact and conclusions of law, finding Petitioner's affidavit to be "self-serving[.]" (*Id*. at PageID 210). The court concluded that Petitioner "ha[d] failed to supply sufficient evidentiary documentation, outside of what is provided in the existing record, to support

his claims"; and that "[t]he petition is subject to dismissal without an evidentiary hearing for failure to adequately support the claims therein." (*Id*.).

> On appeal, Petitioner:
>
> [A]rgue[d] that the common pleas court abused its discretion, when in its findings of fact and conclusions of law, it "dismissed" his affidavit as "self-serving," without expressly and "valid[ly]" finding that it lacked credibility. The court, he insists, should have accorded his affidavit "due deference" and conducted an evidentiary hearing on his postconviction claim.

*Clifford II*, 2020-Ohio-4129, ¶ 16. The First District rejected this argument, reasoning that the trial court's findings of fact and conclusions of law had adequately apprised Petitioner of the basis for rejecting his affidavit and not conducting an evidentiary hearing, and that the discounting of the affidavit was a proper exercise of judicial discretion. *Id*. at ¶¶ 17–18. Further, "the Ohio Supreme Court has long held that uncorroborated 'self-serving' averments contained in a petitioner's affidavit are 'insufficient to rebut' evidence of record to the contrary." *Id*. at ¶ 19, quoting *State v. Kapper*, 5 Ohio St. 3d 36, 38 (1983); citing *State v. West*, 1st Dist. Hamilton No. C-840313, 1985 WL 9283 (Jan. 23, 1985). Thus, the appellate court reasoned, there was nothing erroneous or insufficient about the trial court's rejection of Petitioner's affidavit.

As to the sufficiency of the evidence and the need for an evidentiary hearing, the First District noted:

> The state adduced at trial evidence that Clifford had, for purposes of the charged offenses, possessed the drugs and firearms. On that day, before the warrant was executed and the drugs and firearms were found, the police saw only two people enter the house: Clifford, who had entered and exited the house multiple times; and the man who had briefly fled from the porch into the house when the police arrived to execute the warrant. The police found Clifford in close proximity to the loaded handgun near the front door and in possession of house keys and currency that, according to the police, was in an amount and denomination that indicated drug trafficking. His DNA was found on a package of cocaine located in the kitchen pantry, alongside packages of heroin. And in his interview with police, Clifford acknowledged that drugs were being sold from the house.

4

*Clifford II*, 2020-Ohio-4129, ¶ 20. In light of the strong evidence presented by the State, the First District concluded that "[t]he 'self-serving' declarations contained in Clifford's affidavit disavowing his possession of the drugs and firearms were, alone, insufficient to rebut evidence in the record to the contrary." *Id*. at ¶ 22, citing *Kapper*, 5 Ohio St. 3d at 38. The appellate court also noted that Petitioner had submitted no evidence to support his assertions "that trial counsel had known of, but had declined to conduct a reasonable investigation into, outcome-determinative evidence. Thus, Clifford failed to sustain his burden of submitting with his postconviction petition evidentiary material setting forth sufficient operative facts to demonstrate substantive grounds for relief." *Id*. The First District "h[e]ld that the common pleas court properly denied Clifford's postconviction petition without an evidentiary hearing. Accordingly, we overrule the assignments of error." *Id*. at ¶ 23.

On March 21, 2022, Petitioner filed the instant Petition, raising two claims. First, he asserts that "[t]here was insufficient evidence produced at trial to sustain a jury verdict of guilty on any count." (ECF No. 3, PageID 48). Specifically:

> Nobody could testify that Petitioner was witness[ed] selling drugs or was in possession of any drugs. Petitioner was convicted on evidence fabricated by police officer who produced zero evidence at trial and the prosecution knowingly used false testimony, which denied Petitioner meaningful access to the courts and a fair trial which rendered reasonable result.

(*Id*.). Second, Petitioner claims "[i]neffective assistance of trial counsel . . . Trial counsel failed to timely object to inadmissible evidence due to his failure to conduct a meaningful pre-trial investigation into the case." (Petition, ECF No. 3, PageID 50).

## II. Legal Standards

### A. 28 U.S.C. § 2254

As Petitioner is imprisoned based on a state court judgment, he may petition for a writ of habeas corpus "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A petition "shall not be granted with respect to any claim" that:

> [W]as adjudicated on the merits in State court proceedings unless the adjudication of the claim—(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented[.]

28 U.S.C. § 2254(d). A habeas corpus petitioner must also satisfy additional procedural requirements, including but not limited to exhaustion of state court judicial remedies. 28 U.S.C. § 2254(b). Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. 104-132, 110 Stat. 1214, the Court's review of a claim adjudicated on its merits in a State court proceeding is sharply circumscribed; "a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

A state court may be found to have acted "contrary to" federal law in two ways: (1) if the state court's decision is "substantially different from the relevant precedent" of the United States Supreme Court; or (2) if "the state court confronts a set of facts that are materially indistinguishable from a decision of [the United States Supreme] Court and nevertheless arrives at a result different from [United States Supreme Court] precedent." *Williams (Terry) v. Taylor*, 529 U.S. 362, 405, 406 (2000). A state court does not act contrary to federal law simply because its application of

federal law was incorrect. Rather, the decision must have been "mutually opposed[,]" *id*. at 406, to "clearly established Federal law, as determined by the Supreme Court," 28 U.S.C. § 2254(d)(1), which encompasses only the holdings of Supreme Court decisions, and not their dicta. *Williams (Terry)*, 529 U.S. at 412.

The "unreasonable application" standard is distinct from and more deferential than that of "clear error." "It is not enough that a federal habeas court, in its independent review of the legal question, is left with a firm conviction that the state court decision was erroneous. . . . Rather, that application must be objectively unreasonable." *Lockyer v. Andrade*, 538 U.S. 63, 75, 76 (2003) (internal quotation marks omitted). "[E]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations." *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004). This deferential standard applies, however, only when the state court has addressed the merits of a claim raised on appeal; "[w]here a state court has not adjudicated a claim on the merits, the issue is reviewed *de novo* by a federal court on collateral review." *Trimble v. Bobby*, 804 F.3d 767, 777 (6th Cir. 2015).

### B. Exhaustion, Procedural Default, and *Res Judicata*

A federal habeas corpus petitioner must exhaust his claims in the state court before he may bring those claims before this Court. 28 U.S.C. § 2254(b)(2). This can be shown by demonstrating that: (1) the highest court of a state has adjudicated the merits of the claim; or (2) under state law, the claims are procedurally barred. *Gray v. Netherland*, 518 U.S. 152, 161–62 (1996). "[T]he doctrine of exhaustion requires that a claim be presented to the state courts under the same theory in which it is later presented in federal court." *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998). However, if a claim is procedurally barred under state law because "a state prisoner has defaulted

his federal claims in state court pursuant to an independent and adequate state procedural rule, [then] federal habeas review of the claims is barred." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Under Ohio law, failure to make timely objections at trial or to raise the issue on direct appeal from the trial court, if possible, bars a petitioner from raising that claim in a federal habeas corpus petition. *Seymour v. Walker*, 224 F.3d 542, 555 (6th Cir. 2000), citing *State v. Perry*, 10 Ohio St. 2d 175 (1967), paragraphs eight and nine of the syllabus; *Leroy v. Marshall*, 757 F.2d 94, 97–99 (6th Cir. 1985); *see also*, *e.g.*, *Coleman v. Mitchell*, 244 F.3d 533, 538–39 (6th Cir. 2001) (holding that the "*Perry* rule" regarding *res judicata* was an adequate and independent state law ground upon which to find a claim procedurally defaulted, and thus, bar consideration of claims in district courts); *Wong*, 142 F.3d at 322 ("Under Ohio law, the failure to raise on appeal a claim that appears on the face of the record constitutes a procedural default under the State's doctrine of *res judicata*.") A claim of ineffective assistance of counsel—*i.e.*, an argument that failure to make timely objections at trial should be excused—normally must "be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." *Murray v. Carrier*, 477 U.S. 478, 489 (1986).

Further, in raising the claims in the state court, a petitioner must set out why he believes his federal constitutional rights have been violated to avoid procedural default. 28 U.S.C. § 2254; *Gray*, 518 U.S. at 162–63. There are certain requirements that the government must prove by a preponderance of the evidence before the procedural default rule bars claims in this Court. The United States Court of Appeals has established a four-part test to determining procedural default. *Maupin v. Smith*, 785 F.2d 135, 138 (1986). To begin, a petitioner must have actually violated the state procedural rule; a state court's mistaken interpretation of a rule, or mistaken finding that the petitioner violated that rule, will not suffice. *Lee v. Kemna*, 534 U.S. 362, 376–77, 387 (2002);

8

Case: 1:22-cv-00141-DRC-KAJ Doc #: 9 Filed: 11/28/22 Page: 9 of 15 PAGEID #: 1201

*Trevino v. Texas*, 503 U.S. 562, 567 (1992). The case must not fall within an exception to the state procedural rule which the petitioner is alleged to have violated; *e.g.*, if the gravamen of a petitioner's ineffective assistance of counsel claim is based on evidence outside the trial court record, then failure to raise that claim on direct appeal does not constitute a procedural default. *Morales v. Mitchell*, 507 F.3d 916, 937 (6th Cir. 2007). Then the state court, in its last explained decision, must expressly state that a claim has been procedurally defaulted by failing to comply with a procedural rule; otherwise, "[w]hen a federal claim has been presented to a state court[,] and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication [of such a holding] or state-law procedural principles to the contrary." *Harrington v. Richter*, 562 U.S. 86, 99 (2011). Additionally, the state procedural rule must be "adequate"—that is, it must have been a "firmly established and regularly followed state practice[.]" *James v. Kentucky*, 466 U.S. 341, 348–49 (1984).

Finally, a petitioner may circumvent the procedural default bar by "demonstrat[ing] cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750; *McCleskey v. Zant*, 499 U.S. 467, 494–95 (1991). To show cause, a petitioner must show that: an objective factor, external to petitioner, prevented him from complying with the procedural rule, *Murray*, 477 U.S. at 488; and that his trial was "infected with error so 'plain' that the trial judge and prosecutor were derelict in countenancing it, even absent the defendant's timely assistance in detecting it." *United States v. Frady*, 456 U.S. 152, 163 (1982), citing FED.R.CRIM.P. 52(b).

One final point. Procedural default may also be excused if a petitioner can show, by a preponderance of the evidence, that he is "actually innocent," such that "a court cannot have

confidence in the outcome of the trial[,]" *Lott v. Coyle*, 261 F.3d 594, 602 (6th Cir. 2001), quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995), and thus, his conviction constituted a "fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750; *Murray*, 477 U.S. at 515. And, as a procedural default is not an adjudication on the merits, if a petitioner can successfully set aside such a default, then this Court must review the claim *de novo*. *Harrington*, 562 U.S. at 99.

### III. Analysis

#### A. Claim One

To comport with Due Process, a state may not "convict a person of a crime without proving the elements of that crime beyond a reasonable doubt." *Fiore v. White,* 531 U.S. 225, 228-29 (2001). As discussed above, Petitioner says that there was no evidence produced that would show that he sold or possessed drugs, meaning no rational trier of fact could have found him guilty of the possession and trafficking crimes with which he was charged and convicted (Petition, ECF No. 3, PageID 44, 48). The Warden asserts that the claim is procedurally defaulted (Return of Writ, ECF No. 7, PageID 1142). The Warden concedes that Petitioner "presented [this claim] as the second assignment of error to the Ohio Court of Appeals. However, Clifford untimely filed his notice of appeal to the Ohio Supreme Court, which denied his motion for delayed appeal." (Return of Writ, ECF No. 7, PageID 1142, citing State Court Record, ECF No. 6, PageID 161.) The Warden claims that denial based on untimely notice of appeal is an adequate and independent state ground upon which to foreclose review (Return of Writ, ECF No. 7, PageID 1142–43, citing *Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir. 2004)). Further, the Warden asserts, Petitioner cannot demonstrate the necessary cause and prejudice to excuse the default; Petitioner cannot raise ineffective assistance of appellate counsel as cause to excuse default because he has never presented that particular ineffective assistance claim to the state court. (*Id*. at Page 1145, quoting

10

*Murray*, 477 U.S. at 489). Nor does the "miscarriage of justice" exception apply: "Clifford has failed to even allege, let alone demonstrate[,] any 'new' reliable evidence that would demonstrate that no reasonable juror would have found him guilty had said 'new' evidence been considered at trial." (*Id*. at PageID 1146). Thus, it is not "more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt in the light of the new evidence." (*Id*., citing *Schlup*, 513 U.S. at 324).

Petitioner acknowledges that he did not timely appeal the First District's decision to the Supreme Court of Ohio, implicitly conceding that the claim is procedurally defaulted (Traverse, ECF No. 8, PageID 1162). Still, he argues that he has maintained actual innocence throughout the appeal and postconviction proceedings. (*Id*.). He also notes that he filed a timely postconviction petition, alleging ineffective assistance of counsel in failing to conduct a sufficient pretrial investigation and failing to call Joyce Johnson as a defense witness (State Court Record, ECF No. 6, PageID 166). Petitioner appealed the trial court's summary denial of that petition (Traverse, ECF No. 8, PageID 1162). When the appeal was dismissed for lack of a final appealable order, Petitioner supplemented his petition with a more detailed ineffective assistance claim and a claim of fraud on the court based on prosecutorial misconduct, but the trial court again denied his claim (this time with findings of fact and conclusions of law) without holding an evidentiary hearing. (*Id*. at PageID 1162–63). Petitioner appealed the trial court's denial of his amended petition to both the First District and Supreme Court of Ohio. (*Id*. at PageID 1163).

The *Maupin* test, 785 F.2d at 138, is easily satisfied as to Claim One. There is no dispute that there is a firmly established state-law requirement of timely appeal, and that Petitioner failed to comply (Part One). The Supreme Court of Ohio actually enforced the rule by not allowing his appeal (Part Two). *Clifford*, 2018-Ohio-4285. The Warden is correct that the timely appeal rule

is an adequate and independent state law ground upon which to foreclose review (Part Three). *Bonilla*, 370 F.3d at 497.

As to Part Four, Petitioner did raise an ineffective assistance of trial counsel claim in his postconviction petition, discussed in greater detail below. But he has never alleged ineffective assistance of appellate counsel for failing to timely raise a sufficiency of the evidence claim to the Supreme Court of Ohio. Thus, any ineffectiveness by counsel in failing to timely appeal the First District's rejection of the sufficiency of the evidence claim cannot serve as cause to set aside the procedural default. Nor does Petitioner argue any other cause for failure to exhaust the claim. Further, while Petitioner claims actual innocence, the only evidence of record offered in support of his innocence is his affidavit from postconviction proceedings (State Court Record, ECF No. 6, PageID 176-77), which, as the First District correctly concluded, is insufficient to rebut the substantial evidence of guilt discussed above. *Clifford II*, 2020-Ohio-4129, ¶ 20. Thus, there is no basis upon which to set aside the default. Consequently, Claim One should be dismissed as procedurally defaulted.

**B.     Claim Two**

Petitioner asserts that trial counsel was ineffective by inadequately investigating his case before trial, thus leaving him unable to meaningfully object to the admission of inculpatory evidence that should have been excluded (Petition, ECF No. 3, PageID 50). The Warden again relies upon procedural default. First, because the alleged ineffectiveness was apparent from the state court record, it should have been raised on direct appeal; Petitioner's failure to do so means that the claim is barred by *res judicata*—an adequate and independent state law ground upon which to foreclose review (Return of Writ, ECF No. 7, PageID 1143, citing *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001); *Buell v. Mitchell*, 274 F.3d 337, 349 (6th Cir. 2001); *see also Perry*, 10

Ohio St. 2d 175 (announcement of Ohio's *res judicata rule* preventing review of claims that should have been raised on direct appeal but were not). Second, argues the Warden:

> Clifford raised ineffective assistance of counsel in a post conviction petition, but it was based on a different rationale than his present claim. There, he faulted his attorney for failing to call witnesses in his defense. Here, he faults his attorney for not objecting to inadmissible evidence. A claim presented to the federal courts that does not rest on the same underlying facts as well as constitutional theory as was fairly presented to the state courts is procedurally defaulted.

(*Id*. at PageID 1144, citing *Wong*, 142 F.3d at 322; *Pillete v. Foltz*, 824 F.2d 494, 497 (6th Cir. 1987); *Prather v. Rees*, 822 F.2d 1418, 1421 (6th Cir. 1987)).

In his Traverse, Petitioner spends much of Claim Two arguing that his convictions were unsupported by sufficient evidence—a claim which, as discussed above, has been procedurally defaulted—and were against the manifest weight of the evidence—a claim which is not cognizable in habeas (Traverse, ECF No. 8, PageID 1172; *see also Nash v. Eberlin*, 258 F. App'x 761, 764 n.4 (6th Cir. 2007) ("[A] manifest-weight-of-the-evidence argument is a state-law argument[.]"). In Claim One, Petitioner does discuss ineffective assistance of counsel in pretrial investigation. (*Id*. at PageID 1166). And, as the Warden notes, the gravamen of the claim here is different than what he presented as ineffective assistance in the state court: "There, he faulted his attorney for failing to call witnesses in his defense. Here, he faults his attorney for not objecting to inadmissible evidence." (Return of Writ, ECF No. 7, PageID 1144). For federal review of a claim to be preserved, that claim must be presented in the state court under the same theory in which it is raised in federal habeas. *Wong*, 142 F.3d at 322. Petitioner's failure to do so means the Court may not review the instant ineffective assistance claim.

Petitioner further argues that his petition "is no longer about ineffective assistance of counsel, prosecutorial misconduct, [or] witness misconduct[.] This is all about Petitioner having been denied meaningful access to the state court[,] who applied an unreasonable, and unjust

13

standard of reviewing federal constitutional claims." (Return of Writ, ECF No. 7, PageID 1165). But any claim of denial of access to courts was not raised in the state court. So Petitioner again faces procedural default. And the same is true of any standalone claims of admitting impermissible evidence or false testimony. (Traverse, ECF No. 8, PageID 1173–74, 1178). While *pro se* pleadings must be liberally construed, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), quoting *Estelle v. McGuire*, 429 U.S. 97, 106 (1976), that liberal construction cannot excuse the longstanding requirements of fair presentation and exhaustion of claims in state court. Consequently, Claim Two should also be dismissed.

### IV. Conclusion

For the foregoing reasons, it is respectfully **RECOMMENDED** that the Petition be **DENIED** and **DISMISSED WITH PREJUDICE**, and that judgment enter in favor of the Warden and against Petitioner. Because Petitioner has not made a substantial showing of a denial of a constitutional right, 28 U.S.C. § 2254(c)(3), and no reasonable jurist would disagree would this conclusion, Petitioner should be denied a certificate of appealability and should not be permitted to proceed on appeal *in forma pauperis*.

### PROCEDURE ON OBJECTIONS TO REPORT AND RECOMMENDATION

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence, or may

recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).


Date: November 28, 2022            /s/ Kimberly A. Jolson
                                                   KIMBERLY A. JOLSON
                                                   UNITED STATES MAGISTRATE JUDGE