UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

**EUGENE CLIFFORD,**

  **Petitioner,**

 v.

**WARDEN, CHILLICOTHE**
**CORRECTIONAL INSTITUTION,**

  **Respondent.**

Case No. 1:22-cv-141
**JUDGE DOUGLAS R. COLE**
Magistrate Judge Jolson

## ORDER

This cause is before the Court on the Magistrate Judge's November 28, 2022, Report and Recommendation ("R&R," Doc. 9) advising the Court to dismiss Eugene Clifford's Petition for the Writ of Habeas Corpus (Doc. 3) with prejudice. For the reasons briefly discussed below and given the lack of any objections to the R&R, the Court **ADOPTS** the R&R (Doc. 9) and **DISMISSES** Clifford's Petition for the Writ of Habeas Corpus (Doc. 3) **WITH PREJUDICE**.

On March 18, 2022, Petitioner Eugene Clifford, an inmate at the Chillicothe Correctional Institution, moved for leave to file his 28 U.S.C. § 2254 habeas petition in forma pauperis. (Doc. 1). Three days later, the Magistrate Judge granted Clifford's motion (Doc. 2), and his Petition was filed that same day (Doc. 3). Clifford's Petition presents two claims for relief: (1) insufficiency of the evidence to sustain a conviction, and (2) ineffective assistance of trial counsel. (*Id.* at #48–50). The Warden timely responded on June 17, 2022, (Doc. 7), and Clifford replied on July 11, 2022 (Doc. 8).

The Magistrate Judge screened Clifford's Petition. Based on that, she issued an R&R on November 28, 2022, advising the Court to dismiss Clifford's Petition with prejudice. (Doc. 9). The R&R concluded that Clifford failed to properly exhaust his claims in state court and that his claims suffered from procedural default. (*Id.* at #1203–06).

The R&R also specifically advised the parties that failing to object within the 14 days specified in the R&R may result in forfeiture of rights on appeal, which includes the right to District Court review. (*See id.* at #1206–07); *see also Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed."); *Berkshire v. Beauvais*, 928 F.3d 520, 530 (6th Cir. 2019) (noting "fail[ure] to file an objection to the magistrate judge's R&R ... is forfeiture"); 28 U.S.C. § 636(b)(1)(C). The time for filing objections has passed, and neither party has objected.

Although neither party objected, the advisory committee notes to Federal Rule of Civil Procedure 72(b) suggest that the Court still must "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See also Redmon v. Noel*, No. 1:21-cv-445, 2021 WL 4771259, at *1 (S.D. Ohio Oct. 13, 2021) (citing cases). Consistent with that admonition, the Court has reviewed the R&R and determined that it does not contain "clear error on [its] face." Fed. R. Civ. P. 72(b) (advisory committee notes).

2

The Magistrate Judge begins by setting out the correct legal standards that govern disposition of habeas petitions. (R&R, Doc. 9, #1199–202). Of particular importance here, a petitioner must exhaust his claims in state court before presenting them to a federal court. 28 U.S.C. § 2254(b). That can occur in one of two ways—either by presenting the claim to the state's highest court, or by showing that, at the time he filed the petition, some state procedural rule barred the petitioner from now pursuing it in state court. *Gray v. Netherland*, 518 U.S. 152, 161–62 (1996). But the latter route comes at a steep price—the state-law procedural default typically precludes consideration of the ground in federal habeas. *Id.* To overcome that default, a petitioner must show either (1) "cause and prejudice," or (2) a "fundamental miscarriage of justice," meaning the conviction of a person who is "actually innocent." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). The R&R correctly sets forth this legal framework.

The R&R likewise did not clearly err in applying those standards to Clifford's two claims here. (Doc. 9). Clifford concedes he did not timely present his sufficiency of the evidence allegation to the Ohio Supreme Court, thereby procedurally defaulting that claim. (Doc. 8, #1162). (To be sure, he tried an untimely appeal, which the Ohio Supreme Court refused to consider. (Doc. 6, #151–61).) And the Court agrees Clifford has failed to show why this Court should overlook that procedural default.

Clifford's ineffective assistance of trial counsel claim takes a slightly different route, but the destination remains the same. The R&R first notes that, unlike his first claim, Clifford failed to even raise an ineffective assistance argument during his

3

direct appeal. (Doc. 9, #1204). Under Ohio law, if the ineffective assistance of trial counsel claim's basis appears on the record, and a new attorney represents the defendant on appeal, the failure to raise that claim on direct appeal means that res judicata bars subsequent attempts to do so. *State v. Cole*, 443 N.E.2d 169, 170 (Ohio 1982) (syllabus). That occurred here. (*Compare* Doc. 6, #99 (showing Richard Goldberg was attorney at trial through sentencing), *with id.* at #103 (showing Timothy McKenna was attorney on appeal)). Thus, the Magistrate Judge did not err in determining that res judicata serves as an adequate and independent state ground and a bar to federal court review. (R&R, Doc. 9, #1204).

To be sure, Clifford did raise an ineffective assistance of trial counsel claim in his state post-conviction proceedings. But there he pursued a *different* theory than the one he presses here. (*Compare* Doc. 6, #164–66 (failure to present exculpatory evidence), *with* Doc. 3, #50 (failure to object to inadmissible evidence)). That is a problem. As the R&R correctly noted, "[f]or federal review of a claim to be preserved, that claim must be presented in the state court *under the same theory* in which it is raised in federal habeas." (Doc. 9, #1206 (citing *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998) (emphasis added)). So, even if res judicata did not preclude consideration, Clifford has failed to exhaust the relevant ineffective assistance theory as he has never presented it to *any* Ohio court. And the passage of time, coupled with his failure to present the issue on direct appeal, means he cannot do so now.[1] *See* O.R.C. § 2953.23; *State v. Apanovitch*, 121 N.E.3d 351, 360 (Ohio 2018).

---

[1] Although O.R.C. § 2953.23 allows a petitioner to present an untimely or successive post-conviction petition in state court in very limited circumstances, Clifford has not suggested he

4

Either way, his ineffective assistance claim is procedurally defaulted. So, again, Clifford must show either cause and prejudice or a viable claim of actual innocence to purse this ground in habeas. The record here provides a basis for neither.

In short, the Court **ADOPTS** the R&R (Doc. 9) and **DISMISSES** Clifford's Petition for the Writ of Habeas Corpus (Doc. 3) **WITH PREJUDICE**. The Court **DIRECTS** the Clerk to **ENTER JUDGMENT** and **TERMINATE** this matter from the docket.

**SO ORDERED.**

January 20, 2023
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**

---

plans to return to state court to exhaust, let alone attempted to set forth facts suggesting he could meet one of these limited circumstances.